David L. Bird, *Pro Hac Vice* (Utah Bar No. 0335)
Bruce J. Boehm (Cal. Bar No. 186715)
Cameron J. Cutler (Cal. Bar No. 304397)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Email: dbird@mbt-law.com; bboehm@mbt-law.com; ccutler@mbt-law.com

Martin W. Jaszczuk, *Pro Hac Vice* (Ill. Bar No. 6277720)
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0610
Facsimile: (312) 896-6610
Email: mjaszczuk@lockelord.com

*Attorneys for Defendant Harman Management Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORY LARSON, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>HARMAN MANAGEMENT CORPORATION; 3SEVENTY, INC.,<br><br>Defendants. | Civil No: 1:16-CV-00219-DAD-SKO<br><br>**JOINT SCHEDULING REPORT**<br><br>**TELEPHONIC CONFERENCE REQUESTED**<br><br>Date: November 22, 2016<br><br>Time: 10:15 a.m.<br><br>Judge: Hon. Sheila K. Oberto<br><br>Trial Date: None Set |

Pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants jointly submit to the Court this Joint Scheduling Report:

1. **Brief Summary of the Claims:**

**Plaintiff**: Plaintiff's claims are based on Defendants' alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). In 2012, Defendants started a telemarketing campaign to send consumers coupons for restaurant food items via text message. Defendants' first text message to Plaintiff was in response to Plaintiff text-messaging the word "BURGER" in order for Plaintiff to obtain a free A&W Papa Burger Single during Defendants' campaign.

Unknown to Plaintiff and undisclosed by Defendants, Defendants saved Plaintiff's telephone number and sent him a number of unprompted text messages related to A&W food items. Plaintiff's text message to Defendants did not provide Defendants with prior express written consent to continue sending automated text messages to Plaintiff. Nonetheless, Defendants continued sending automated text messages to Plaintiff through February 2016 in clear violation of the TCPA and the Rosenthal Act.

**Defendant:** Defendants deny that Plaintiff's claims have any merit. Defendants have each filed answers detailing where they deny the Plaintiff's allegations, or lack information, and Defendants have each asserted numerous affirmative defenses. Defendants also assert that class certification is inappropriate in this action.

2. **Proposed Amendment to Pleadings:**

The Parties do not anticipate filing any further amended pleadings at this time.

3. **Amendment of Pleadings Deadline:**

The Parties propose a deadline of January 16, 2017.

4. **Uncontested and Contested Facts:**

None at this time.

5. **Summary of Undisputed and Disputed Legal Issues:**

Original jurisdiction exists pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists pursuant to Cal. Civ. Code § 1788.30(f) and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**6.     Status of all matters:**

There are currently no pending motions set before the Court.

**7.     Discovery Plan:**

   a) Disclosures under Rule 26(a)(1) will be served on all parties on or before: **12/6/2016**

   b) Non-Expert Discovery: **10/13/2017**

   c) Expert Disclosures (case-in-chief/burden of proof): **11/15/2017**

   d) Expert Disclosures (rebuttal): The earlier of thirty days following service of a case-in-chief report or **12/20/2017**

   e) Expert Witness Discovery: **1/19/2018**

   f) The Parties do not foresee the need to change or limit discovery rules as imposed by the Federal Rules of Civil Procedure.

   g) The Parties may request a protective order, depending on the discovery to be issued.

   h) Mid-Discovery Status Report due by **June 2, 2017**.  Mid-Discovery Conference **June 15, 2017**.

**8.     Discovery relating to Electronic Data:**

Plaintiff seeks data from Defendants, which may and likely is stored in electronic format, concerning (1) dial lists reflecting messages to Plaintiff (2) dial lists reflecting messages to class members.  Further Plaintiff will seek the production of email and other e-communications by or between Defendants' employees and/or Defendants vendors concerning messages sent to Plaintiff and the putative class.

Defendants anticipate taking computer-based discovery on the following non-exhaustive list of topics: (i) the text messages transmitted between Plaintiff

and Defendants; (ii) Plaintiff's consent to receive text messages; (iii) if applicable, class members' consent to receive text messages.

**9.     Motion Dates**

    a) Non-Dispositive Motions: **2/16/2018**

    b) Class Certification Motion: **2/16/2018**

    c) Class Certification Opposition/Response: **3/16/2018**

    d) Class Certification Reply: **3/30/18**

    e) Dispositive Motions: Within 60 days after the Court's ruling on the Class Certification Motion.

    f) Pretrial Conference: 28 days after the Court rules on the Parties' Dispositive Motion(s).

    g) Trial: 30 days after the Pretrial Conference.

**10.    Settlement Conference:**

The Parties believe that a settlement conference may be appropriate following discovery and suggest that a time be set for one, if the Parties consent, at the Mid-Discovery Status conference.

**11.    Jury Trial:**

Plaintiff and Defendants have requested trial by jury.

**12.    Trial:**

The Parties estimate that the trial will last four (4) to six (6) days.

**13.    Consent to Magistrate Judge Jurisdiction**

The Parties do not consent to Magistrate Judge Jurisdiction.

**14.    Bifurcation of Trial:**

**Defendant:** Defendant Harman Management Corporation believes that a bifurcation of discovery to first determine whether 3Seventy's messaging system constitutes an automatic telephone dialing system is appropriate. Harman Management Corporation's position will be fully detailed and supported by a motion that will be filed with the Court in the near future.  Defendant 3Seventy

also agrees discovery should be bifurcated to first determine whether 3Seventy's messaging system constitutes an automatic telephone dialing system. If the Court grants the above mentioned bifurcation motion, it will be necessary to adjust some of the deadlines detailed herein accordingly.

**Plaintiff:**

Plaintiff opposes bifurcation of discovery as there is no cause to bifurcate issues in this matter. Bifurcation will only lead to duplication of efforts and wasted time and conflicts concerning what is and what is not discoverable. Plaintiff will oppose a motion to bifurcate discovery.

### 15.  Related Cases

The Parties are not aware of any related cases at this time.

DATED: November ____, 2016  By:  /s/  Sergei Lemberg
                            Sergei Lemberg
                            Trinette G. Kent
                            *Attorneys for Plaintiff*

DATED: November ____, 2016  By:  /s/ Cameron J. Cutler
                            Cameron J. Cutler
                            *Attorneys for Defendant*
                            *Harman Management Corporation*

DATED: November ____, 2016  By:  /s/ Matthew R. McCullough
                            Matthew R. McCullough
                            *Attorneys for Defendant*
                            *3Seventy, Inc.*

# PROOF OF SERVICE

The undersigned declares: I am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action. My business address is McKay Burton & Thurman, 15 W. South Temple, Suite 1000, Salt Lake City, Utah 84101. On the date shown below, I served a true and correct copy of the following document(s): **JOINT SCHEDULING REPORT**

on the following counsel of record via the Court's Electronic Case Filing system:

> Trinette G. Kent
> 10645 North Tatum Blvd., Suite 200-192
> Phoenix, AZ 85028
>
> Sergei Lemberg
> Lemberg Law LLC
> 43 Danbury Road
> Wilton, CT 06897
>
> Matthew R. McCullough
> Fish & Richardson, P.C.
> 500 Arguello Street, Suite 500
> Redwood City, CA 94063
>
> Garrett Kameichi Sakimae
> Fish & Richardson, P.C.
> 12390 El Camino Real
> San Diego, CA 92130

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 15th day of November, 2016, at Salt Lake City, Utah.

/s/ Emilie Dazley