UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN-MANAGEMENT CORPORATION and 3SEVENTY, INC.,<br><br>Defendants. | No. 1:16-cv-00219-DAD-SKO<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS AND MOTION FOR LEAVE TO FILE REDACTED DOCUMENTS<br><br>(Doc. No. 97) |

Plaintiff Cory Larson ("plaintiff") filed a complaint against Harman-Management Corporation and 3Seventy, Inc. ("defendants") on February 17, 2016, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). (Doc. No. 1.) On February 1, 2017, the court entered a stipulated protective order, which provided that a producing party may designate certain documents as including confidential information. (Doc. No. 60.) On January 23, 2018, plaintiff filed a motion for class certification. (Doc. No. 98.) In connection with the motion for class certification, plaintiff filed a notice of a request to file documents under seal and a motion for leave to file redacted documents on the public docket pursuant to Local Rule 141. (Doc. No. 97.) Plaintiff seeks to seal certain documents filed in connection with the motion for class certification. (*Id.* at 3.) Additionally, plaintiff requests that the court accept plaintiff's redacted memorandum of points and authority in support of plaintiff's motion for class

certification for submission and entry on the public docket. (*Id.*) No opposition was received from defendants within three days, as provided for in Local Rule 141(c). For the reasons that follow, plaintiff's request to seal and motion to file redacted documents are denied.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here:

/////

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted).[1] The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

### DISCUSSION

Here, plaintiff has filed a request to seal documents filed in connection with his motion for class certification (Doc. No. 98), which is more than tangentially related to the merits of the case. For that reason, plaintiff is required to make a showing of "compelling reasons" warranting the

---

[1] While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*, though such motions are not dispositive, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id*. at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). The motion for class certification at issue here is clearly more than tangentially related to the merits of the case, and were that motion to be denied in its entirety, it would almost certainly be dispositive of this case. *See Aldapa v. Fowler Packing Inc*., No. 1:15-cv-00420-DAD-SAB, 2017 WL 2546606, at *2, n. 2 (E.D. Cal. June 13, 2017); *Cohen v. Trump*, Case No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *3 (S.D. Cal. May 27, 2016) ("A class certification motion is thus more than tangentially related to the merits of a case.) (citing cases).

filing of the documents in question under seal. Plaintiff has not made the required showing here.

Typically, "compelling reasons" are found where the records in question might be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Here, plaintiff merely states that he does not object to sealing items (a), (b), (c), and (g) because they satisfy the requirements of the parties' stipulated protective order. (Doc. No. 97 at 3.) Plaintiff's implied contention that sealing is proper in light of the parties' stipulated protective order is unpersuasive. In this regard, that stipulated protective order does not identify or discuss the "compelling reasons" standard and, accordingly, the presumption of access to court records has not been rebutted. *See Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014); *see also Kamakana*, 447 F.3d at 1183 (concluding that "[a]lthough the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States" and, therefore, "the claimed reliance on the order is not a compelling reason that rebuts the presumption of access") (citations and internal quotation marks omitted).

**CONCLUSION**

Accordingly, plaintiff's request to seal documents filed in connection with the motion for class certification and motion for leave to file redacted documents (Doc. No. 98) is denied without prejudice to its renewal based upon the required showing of compelling reasons for sealing.

IT IS SO ORDERED.

Dated: **January 30, 2018**

UNITED STATES DISTRICT JUDGE