UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN MANAGEMENT CORPORATION; 3SEVENTY, INC.,<br><br>Defendants. | No. 1:16-cv-00219-DAD-SKO<br><br><br><br>ORDER GRANTING EX PARTE MOTION TO SHORTEN TIME FOR DEFENDANT HARMAN MANAGEMENT CORPORATION'S RENEWED MOTION TO STAY ACTION<br><br>(Doc. No. 105.) |

On February 1, 2018, defendant Harman Management Corporation ("HMC") filed a renewed[1] motion to stay all proceedings in this action pending the resolution of a series of consolidated appeals currently before the Court of Appeals for the District of Columbia Circuit that it contends will likely control resolution of key issues in this action. (Doc. No. 108.) On the same day, HMC also filed an *ex parte* application for an order shortening time for notice of the objection deadline[2] and hearing on its renewed motion to stay the action. (Doc. No. 105.)

---

[1] HMC previously filed a motion to stay proceedings in this action on June 8, 2017 (Doc. No. 64), which this court denied without prejudice (Doc. No. 73.).

[2] The court presumes that defendant HMC is referring to the time for the filing of any opposition to the motion to stay by this reference.

1

Neither plaintiff Cory Larson ("plaintiff") nor defendant 3Seventy, Inc. ("3Seventy") has responded to HMC's *ex parte* application. In moving for an order shortening time, HMC requests that the court set the hearing on its motion to stay prior to February 19, 2018. (*Id.* at 2.)

*Ex parte* applications to shorten time require a satisfactory explanation of the circumstances claimed to justify the issuance of such an order. Local Rule 6-144(e). Courts generally require that an application for order shortening time demonstrate that the applicant is not the cause of its own predicament and the order is necessary to avoid some type of harm. *See Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, No. 206-CV-02879-GEB-KJM, 2007 WL 3340935, at *1 (E.D. Cal. Nov. 9, 2007). The court has reviewed HMC's *ex parte* application and finds that it provides the required explanation. The basis of HMC's renewed motion for stay was allegedly learned through expert discovery, which recently closed on January 26, 2018. (Doc. Nos. 88, 105.) HMC contends that an expedited schedule on its renewed motion to stay is warranted because if a stay is granted, the parties will be relieved from filing oppositions to plaintiff's pending class certification motion (Doc. No. 98) and defendant 3Seventy's motion for summary judgment (Doc. No. 101), both of which are currently scheduled for a hearing on March 6, 2018. The court has no basis upon which to conclude that the other parties to this action would be prejudiced by an order shortening time for hearing on defendant HMC's renewed motion for a stay.

Accordingly, HMC's *ex parte* application for an order shortening time (Doc. No. 105) is granted, and the hearing for the motion to stay (Doc. No. 108) is set for February 15, 2018. Oppositions to the motion to stay are due by February 9, 2018. HMC's reply, if any, is due by February 12, 2018.

IT IS SO ORDERED.

Dated: **February 5, 2018**

UNITED STATES DISTRICT JUDGE

2