UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN-MANAGEMENT CORPORATION and 3SEVENTY, INC.,<br><br>Defendants. | No. 1: 16-cv-00219-DAD-SKO<br><br>ORDER DENYING DEFENDANT HARMAN-MANAGEMENT CORPORATION'S MOTION TO STRIKE<br><br>(Doc. No. 148) |

Plaintiff Cory Larson ("plaintiff") filed a complaint against Harman-Management Corporation and 3Seventy, Inc. ("defendants") on February 17, 2016, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). (Doc. No. 1.) On May 15, 2018, the parties appeared for a hearing on plaintiff's motion for class certification (Doc. No. 98), defendant 3Seventy, Inc.'s motion for summary judgment (Doc. No. 101), and defendant Harman-Management Corporation's ("HMC") motion for summary judgment (Doc. No. 128). Following that hearing, defendant HMC filed a notice of supplemental authority on May 17, 2018. (Doc. No. 146.) Plaintiff filed a response to the supplemental authority on May 22, 2018. (Doc. No. 147.)

On May 24, 2018, defendant HMC filed a motion to strike plaintiff's response to HMC's supplemental authority. (Doc. No. 148.) Defendant HMC argues that plaintiff's response to

HMC's supplemental authority constitutes an impermissible surreply in violation of Local Rule 230 and should thus be stricken. (*Id.* at 2–3.) In the alternative, defendant HMC requested leave to file a reply. (*Id.* at 3.) Plaintiff filed an opposition to the motion to strike on June 7, 2018, stating that there is no authority that would permit defendant HMC to "file a Notice of Supplemental Authority, but prohibits an opposing party from responding to the same." (Doc. No. 149 at 3.) However, plaintiff does not oppose defendant HMC's request to file a reply. (*Id.* at 4.)

Local Rule 230 provides that an "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date" and that a reply may be filed "[n]ot less than seven (7) days preceding the date of hearing . . . ." L.R. 230(c)-(d). The local rules do not state that parties are entitled to provide notice of supplemental authority regarding motions that have been taken under submission, without first obtaining leave from the court. The court finds no reason to strike plaintiff's response to defendant's HMC's supplemental authority, especially since HMC did not seek leave of court to file a notice of supplemental authority in the first place. Because plaintiff does not oppose it, the court will grant HMC's request to file a reply in support of its motion to strike. However, the parties are both cautioned that further filings, addressing motions already submitted for decision, in contravention of the local rules may be stricken or subject the filing party to imposition of sanctions.

Accordingly,

1. Defendant Harman-Management Corporation's motion to strike plaintiff's response to HMC's supplemental authority (Doc. No. 148) is denied;
2. Defendant Harman-Management Corporation is granted leave to file a reply in support of its motion to strike within seven days of this order.

IT IS SO ORDERED.

Dated: **June 28, 2018**

                                          UNITED STATES DISTRICT JUDGE