# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN-MANAGEMENT CORP., et al.,<br><br>Defendants.<br>_____/ | Case No. 1:16-cv-00219-DAD-SKO<br><br>**ORDER ON STIPULATION TO AMEND SCHEDULING**<br><br>**(Doc. 170)** |

The Court is in receipt of the parties' "Third Joint Stipulation to Amend Scheduling Order" (Doc. 170) seeking to extend the parties' dispositive motion filing deadline until thirty (30) days after the Court decides the pending motions for class certification (Doc. 98), for summary judgment (Docs. 101, 128), and to stay the case (Doc. 167).

Requests to modify a scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which provides that a scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The parties contend there is good cause to modify the scheduling order because filing additional dispositive motions after the Court decides the pending motions would conserve judicial resources and avoid unnecessary expenditure of resources by the parties. The Court notes the dispositive motion filing deadline has already been extended twice (*see* Docs. 157, 160) and both defendants have filed motions for summary judgment in this

case (*see* Docs. 101, 128). "Although successive motions for summary judgment are not categorically barred, they are generally disfavored in federal court." *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs & Graphics, Inc.*, No. CV 09-2053 ODW (VBKx), 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010); *see also Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (stating that federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised"). Additionally, while the parties contend there is no need to modify the pretrial conference date (currently set for March 25, 2019) or the trial date (currently set for May 21, 2019), the hearing on the pending motion to stay is set for December 4, 2018, and granting the parties an opportunity to file a second round of dispositive motions would necessarily require further delay of the trial in this case.

The Eastern District of California has one of the heaviest caseloads in the entire country, and this case has been pending since February 2016. In view of the upcoming trial date and the Courts' general disfavor for successive motions for summary judgment, the Court finds the parties have not shown there is good cause to modify the scheduling order and DENIES the parties' request to extend the dispositive motion filing deadline. Accordingly, the dispositive motion filing deadline remains set for November 30, 2018, the pretrial conference remains set for March 25, 2019, and the trial remains set for May 21, 2019, as set forth in the Court's most recent order modifying the scheduling order (*see* Doc. 160).

IT IS SO ORDERED.

Dated:  **November 28, 2018**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE